UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PROLIFIC, LLC, | ) |
|                           Plaintiff, | ) |
|                            v. | )   No. 1:21-cv-02725-SEB-TAB |
| FREEDOM CENTRAL HOLDINGS, INC., | ) |
|                          Defendant. | ) |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

Defendant Freedom Central Holdings, Inc. contends that this court lacks personal jurisdiction over it thereby necessitating dismissal of Plaintiff Prolific LLC's complaint, or in the alternative, a transfer of the cause of action to the District of South Carolina. After concluding that "South Carolina, not Indiana, permeates the parties' relationship and contractual agreement," (Docket No. 23, at 1), the Magistrate Judge issued a Report and Recommendation recommending denial of the Motion to Dismiss but a grant of the Motion to Transfer. Prolific objected to the Report and Recommendation arguing that Freedom Central has sufficient minimum contacts with Indiana to allow an exercise of jurisdiction over it in this forum, and that transfer to South Carolina is unwarranted under the discretionary transfer statute, 28 U.S.C. § 1404. We address both objections in turn below.

    **I.**       **STANDARD OF REVIEW**

The district court judge conducts a *de novo* review of any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). *De novo* review requires a re-examination of the case with a fresh set of eyes and "an independent judgment of the issues." *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1210 (7th Cir. 1984). After review, the court is empowered to adopt, reject, or modify the recommendations and/or findings by the Magistrate Judge. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The objections before us have been properly and timely interposed.

## II.     DISCUSSION AND DECISION

Freedom Central is incorporated in Delaware with its principal place of business in Columbia, South Carolina. It has "no offices or employees in Indiana, does not own real estate in Indiana, maintains no bank accounts in Indiana, and has no physical presence whatsoever in Indiana." Docket No. 23, at 2. Freedom Central has never sold any goods or provided any services in Indiana, and none of its employees or representatives have ever travelled to Indiana for any business purpose. After shopping for marketing and consulting services with a South Carolina-based subsidiary of Prolific, the subsidiary referred Freedom Central to Prolific. The parties' relationship was limited to four in-person meetings, each conducted in South Carolina. The contract they entered into specifies South Carolina law as the governing choice of law. Though the parties reportedly planned to conduct one working session at Prolific's Indianapolis office, no such meeting ever occurred. After the parties' working relationship deteriorated, Prolific

filed suit against Freedom Central for breach of contract and unjust enrichment in this district invoking our diversity jurisdiction.

Freedom Central has moved to dismiss or transfer the case to South Carolina based on a lack of personal jurisdiction. Prolific concedes that Freedom Central is not "at home" in Indiana but argues that the court has specific jurisdiction over Freedom Central because Defendant purposefully availed itself of the privilege of conducting business in Indiana by reaching out and contracting with Prolific, an Indiana-based company. Moreover, Prolific maintains that Freedom Central has established minimum contracts with Indiana based on its telecommunications targeting Prolific's employees located here and due to Prolific's employees having performed work for Freedom Central in this state. Apart from the issue of personal jurisdiction, Prolific contends that a transfer to South Carolina should not be ordered pursuant to 28 U.S.C. § 1404 because the convenience of the parties/witnesses and the interests of justice do not favor that forum.

The Magistrate Judge considered and rejected each of Prolific's arguments, concluding that transfer was appropriate rather than dismissal of the action. The Magistrate Judge explained that "a contract with a forum resident is not enough, standing alone, to establish jurisdiction in that forum." Docket No. 23, at 4 (quoting *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 5 F.3d 874, 880 (7th Cir. 2019)). The Magistrate Judge considered the terms of the contract as well as the negotiations leading to the agreement, and the anticipated future consequences, concluding that "Freedom Central has not engaged in the kind of meaningful, purposeful contact with the state of Indiana that would subject it to suit in this district." *Id.* at 5. Freedom Central had contacted Prolific's

3

South Carolina-based subsidiary, but it was the subsidiary that referred Freedom Central to Prolific. The Magistrate Judge noted that all of the in-person meetings occurred in South Carolina and that Freedom Central "contracted for Prolific to perform (along with a South Carolina affiliate of Prolific) marketing and consulting work that bore no particular relationship to Indiana." *Id.* at 6. Finally, the Magistrate Judge concluded the parties' telecommunications did not suffice to establish minimum contacts, given that the "critical portions of the relationship took place during in-person meetings that occurred exclusively in South Carolina." *Id.* at 6−7. In the absence of personal jurisdiction, the Magistrate Judge concluded that a transfer of the case to South Carolina was nonetheless appropriate.

### a. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of a claim when personal jurisdiction is lacking, and once a defendant moves to dismiss under this Rule, the plaintiff bears the burden of establishing personal jurisdiction exists. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). Prolific correctly concedes that general jurisdiction is not applicable here because Freedom Central is not "at home" in Indiana.[1] Docket No. 15 at 5. "A forum state's courts may not exercise personal jurisdiction over a nonconsenting, out-of-state defendant unless the defendant has 'certain minimum contacts

---

[1] A federal court's exercise of jurisdiction over a defendant in a diversity case "must be authorized by the terms of the forum state's personal-jurisdiction statute and also must comport with the requirements of the Fourteenth Amendment's Due Process Clause." *Felland v. Clifton*, 682 F.2d 665, 672 (7th Cir. 2012). Because Indiana's long-arm statute permits the exercise of jurisdiction to the full extent permitted by the Due Process Clause, *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006), "the state statutory and federal constitutional inquiries merge." *Tamburo*, 601 F.3d at 700. Accordingly, we need only conduct a specific jurisdiction analysis.

4

with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "When considering due process for specific personal jurisdiction, we must determine whether (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 590 (7th Cir. 2021) (internal citations and quotation marks omitted). Prolific maintains that Freedom Central has established minimum contacts by entering a contract with an Indiana-based company, by communicating with its employees located in Indiana, and by virtue of the work performed by Prolific's employees in Indiana.

We conclude, as did the Magistrate Judge, that Freedom Central has not purposely established minimum contacts with Indiana such that it could "reasonably anticipate being haled into court" here. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Relying on *Lexington Insurance Co. v. Hotai Insurance Co., Ltd.,* the Magistrate Judge noted that "a contract with a forum resident is not enough, standing alone, to establish jurisdiction in that forum." Docket No. 23, at 4−5 (quoting 938 F.3d at 880). Rather, the Magistrate Judge considered the contract "along with other factors, including the context, prior negotiations, terms, and contemplated future consequences." *Id.* at 5 (citing *Greving*, 743 F.3d at 493; *Citadel Group Ltd. v. Washington Regional Med. Cntr.*, 536 F.3d 757, 761 (7th Cir. 2008)). We share in the Magistrate Judge's finding that "[c]onsideration of these factors demonstrates that Freedom Central has not engaged in

5

the kind of meaningful, purposeful contact with the state of Indiana that would subject it to suit in this district." *Id.* Since all the important aspects of the parties' relationship occurred in South Carolina, text messages and phone calls to Indiana cannot overcome their significance to establish purposeful availment. In addition, Prolific's engagement in a process of preliminary marketing inquiries—especially given that some of that work was also performed in South Carolina by its subsidiary—similarly falls short of establishing purposeful availment. Prolific's failure to establish that Freedom Central purposefully availed itself of an Indiana forum spares us the need to address any other aspects of a personal jurisdiction analysis. Prolific's objection is overruled.

### b. ALTERNATIVE MOTION TO TRANSFER VENUE

When a case is filed in an incorrect venue or a location where personal jurisdiction over a defendant is lacking, Title 28 U.S.C. § 1406(a) requires the court either to dismiss the case, or if it would "be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). "Transfer should be the usual course rather than dismissal" under § 1406. *United States v. Miller-Stauch Const. Co., Inc.*, 904 F. Supp. 1209, 1214 (D. Kan. 1995). Prolific has interposed no argument regarding § 1406, merely objecting to the Magistrate Judge's alternative analysis under 28 U.S.C. § 1404. Section 1404 applies only to the "transfer of actions commenced in a district court where both personal jurisdiction and venue are proper." *Martin v. Stokes*, 626 F.2d 469, 474 (6th Cir. 1980). We have now determined that personal jurisdiction is lacking here; thus, transfer pursuant to § 1406 provides the applicable guidance. *Id.*; *see also In re LimitNone, LLC*, 551 F.3d 572, 575

(7th Cir. 2008). As did the Magistrate Judge, we also conclude that transfer of this cause to the district of South Carolina is in the interest of justice here. Accordingly, we overrule Prolific's objection. The Motion to Transfer pursuant to 28 U.S.C. § 1406(a) is granted.[2]

### III.   CONCLUSION

We **OVERRULE** Plaintiff's Objections to the Report and Recommendation [Docket No. 25] and following our *de novo* review, **ADOPT** Magistrate Judge Baker's Report and Recommendation [Docket No. 23]. Accordingly, Defendant's Motion to Dismiss [Docket No. 9] is **DENIED** and its Motion to Transfer to the District of South Carolina, Columbia Division [Docket No. 9] is **GRANTED** per 28 U.S.C. § 1406(a). The Clerk is directed to transfer this action to the District of South Carolina, Columbia Division.

IT IS SO ORDERED.

Date:   7/14/2022

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Monica Renee Brownewell Smith
BARNES & THORNBURG, LLP (Indianapolis)
monica.brownewell@btlaw.com

T. Joseph Wendt
Barnes & Thornburg LLP
jwendt@btlaw.com

Thomas E. Wheeler, II
FROST BROWN TODD LLC (Indianapolis)
twheeler@fbtlaw.com

---

[2] Freedom Central requests that the case be transferred to the Columbia Division of the District of South Carolina, to which request Prolific interposes no objection.